IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE BUILDING | : | |
| SUPPLY, INC., | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | C.A. No.:  S17C-03-009 RFS |
| | : | |
| INTEGRITY BUILDERS, INC. | : | |
| and GERALD WILLEY, | : | |
|     Defendants. | : | |


**<u>MEMORANDUM OPINION</u>**


Upon Plaintiff's Motion for Summary Judgment.  Denied.


Date Submitted:  November 20, 2017
Date Decided:  December 11, 2017


Patrick Scanlon, Esq. and Darlene Wyatt Blythe, Esq., Law Offices of Patrick Scanlon, P.A., 203 N.E. Front Street, Suite 101, Milford, Delaware 19963, Attorneys for Plaintiff


Peter K. Schaeffer, Esq., Avenue Law, 1073 Governors Avenue, Dover, Delaware 19904, Attorney for Defendants


STOKES, J.

## I.    INTRODUCTION

This matter is presently before the Court on the motion of the Plaintiff, Delaware Building Supply, Inc. ("Plaintiff"), for summary judgment against Gerald Willey. The Defendant, Gerald Willey ("Defendant" or "Willey"), opposes the Motion. For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED**.

## II.    FACTS AND PARTIES' CONTENTIONS

Defendants[1] are sued for non-payment on an open account for building supplies owned by Delaware Building Supply, Inc. The amounts claimed are the principal amount of $158, 894.03 as well as $13, 477.70 in pre-judgment interest with post-judgment interest at the rate of 6.25% per annum.

On August 10, 2017, Plaintiff filed this Motion for Summary Judgment against Willey. The Motion argues that Willey signed a personal guaranty regarding the subject of this lawsuit and that he never notified Plaintiff that he was terminating the guaranty. Therefore, Plaintiff argues there is no issue of material fact. Willey filed his response on August 30, 2017, to which Plaintiff replied on September 8, 2017. On November 3, 2017, Willey requested oral argument on Plaintiff's Motion. His request was based on information received in Plaintiff's response to Defendant's discovery requests, which was produced after Plaintiff's final reply to this Motion. The Court requested additional information before making a decision regarding oral argument. Responses from the parties were received on November 8, 2017 and November 20, 2017.

The Complaint refers to a credit application and guaranty dated November 20, 2006. However, in its discovery response Plaintiff provided a second application between the parties dated October 8, 2008. The second application was not signed by Willey, but by his son-in-law, Bryan Elliott,

---

[1] Both Integrity Builders, Inc. and Gerald Willey are the named defendants in this case. However, the Motion for Summary Judgment is only against Gerald Willey. A default judgment was entered against Integrity Builders, Inc.

the President of Integrity Builders, Inc. While the first application contained a guaranty signed by Willey, the second one did not include a guaranty. Willey contends that the 2008 transaction was a novation of the first and that the personal guaranty contained in the first contract does not cover charges incurred after October 8, 2008.[2] Defendant also requested additional time to file a cross-motion for summary judgment against Plaintiff.

Plaintiff argued that its Motion for Summary Judgment is supported by its affidavit and citations to Willey's deposition. Plaintiff further contends that novation is an affirmative defense, which was not pled in Defendant's Answer to the Complaint and is not supported by the facts of this case. Therefore, Plaintiff requests that the Motion be granted.

## III. STANDARD OF REVIEW

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing no material issues of fact are present.[4] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[5] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[6] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in

---

[2] Presumably the principal sums sought arise after October 8, 2008, but this can be clarified, if necessary, by the parties.
[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Id.* at 681.
[5] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).
[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

dispute.  Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[7]

## IV.   ANALYSIS

For the following reasons, Plaintiff's Motion for Summary Judgment is denied.  First of all, the guaranty language included with the 2006 application is difficult to read.  Even after enlarging the documents, portions of the text are difficult to discern.  One word cannot be read and that word is important.  The language appears to read: "This is a continuing guarantee and shall remain in [unknown word] until revoked by me by notice in writing to the Company."  The legibility of the guaranty must be clarified.

Furthermore, in his Answer to the Complaint, Defendant reserved the right to "assert any and all other affirmative defenses which discovery hereafter may reveal to be appropriate."[8]  Thus, Defendant may appropriately argue defenses which arise from the 2008 application provided in discovery.

Considering the circumstances, there is a need for an expanded record.  The parties must conduct discovery to inquire more fully into the facts of this case in order for the Court to properly address this Motion.  Thus, summary judgment is presently denied.[9]  Once discovery is complete, the parties may file cross-motions for summary judgment and argue any appropriate defenses.  Readable documents must be included.

---

[7] *Id.* at 468.

[8] Def. Gerald Willey's Answer Pl.'s Compl. 2.

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962) ("Nor will summary judgment be granted if, upon examination of all the facts, it seems desirable to inquire fully into them in order to clarify the application of the law to the circumstances.").

Good cause has been shown to amend the discovery deadline as a result of the need for deeper inquiry into these issues. Therefore, the Court amends the dates contained in the Pre-Trial Scheduling Order as follows:

- All Discovery shall be completed by **March 30, 2018**.

- Dispositive motions with opening briefs shall be filed by **April 27, 2018,** answering briefs shall be filed by **June 8, 2018,** and reply briefs all be filed by **July 9, 2018**.

The rest of the dates contained in the Pre-Trial Scheduling Order remain unchanged.

## V. CONCLUSION

Considering the foregoing, Delaware Building Supply, Inc.'s Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**